UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LESTER MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CAUSE NO.  3:06-CV-007 AS |
| v. | ) |
| | ) |
| J. DAVID DONAGHUE, *et al.* | ) |
| | ) |
| Defendants. | ) |

### *OPINION AND ORDER*

Lester Martin, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Martin alleges that the defendants have denied him medical treatment. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373. Mr. Martin alleges that he has been diagnosed with an elastic allergy and that he was previously given medication and non-elastic underwear, but that he is now required to tuck his undershirt into his underpants to avoid contact with the elastic. By doing this he states that the "irritation is minimal". Step 2 grievance attached to complaint, docket # 1-2 at 8. Though his original underlying condition might have been a serious medical need, a minimal irritation is not.

Though his original underlying condition might have been diagnosed by a physician as mandating treatment, the minimal irritation has not been. Though his original underlying condition might have been so obvious that even a lay person could have easily recognized the necessity for a doctor's attention, the minimal irritation is not. Though the original underlying condidition might have caused significant injury or unnecessary pain if untreated, it was treated and the resulting minimal irritation will not. Though the original underlying condition might have significantly affected his daily activities or produced chronic or substantial pain, the minimal irritation does neither. Therefore his minimal irritation[1] is not a serious medical need.

Nevertheless, even if it were, the defendants were not deliberately indifferent. Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

---

[1] Additionally, conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Mr. Martin names both medical and non-medical defendants.

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). Therefore the non-medical defendants will be dismissed.

Mr. Martin alleges that the elastic in his underwear is causing him to have an allergic reaction and that he is being denied further medical treatment. He alleges that he was previously prescribed medication for this allergy, but that it

4

was subsequently discontinued. He alleges that he has not been given free non-elastic underwear, but is required to tuck his undershirt into his underpants to avoid contact with its elastic waistband. Mr. Martin wants his medication restored and free non-elastic underwear; but, even assuming that he has a serious medical need, "[u]nder the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997).

Mr. Martin has been seen and treated. Though he would prefer different treatment with complete relief, having him tuck in his undershirt to avoid contact with the underpant's elastic waistband is not deliberate indifference to his medical condition. But even if it was, negligence and malpractice do not constitute deliberate indifference, which requires the total disregard for a prisoner's safety: the functional equivalent of wanting harm to come to the prisoner. The Eighth Amendment does not require medical success nor even reasonable treatment, it merely prohibits wanting harm to come to a prisoner. Though his treatment may have been different, less expensive, and less effective than he previously received, the facts alleged do not support a claim of deliberate indifference. Therefore his medical claims will be dismissed.

Additionally, Mr. Martin alleges that, in violation of prison policies, his grievances were not investigated. The violation of prison policy does not state a claim under § 1983. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

The Constitution does not require that a prison provide a formal grievance procedure nor adhere to their own policies if they establish one. "A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir., 1999). "[T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2nd 674, 679 (N.D. Ind. 2003). Therefore these claims will also be dismissed.

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**ENTERED: January   9   , 2006**

                                    **S/ ALLEN SHARP**
                              **ALLEN SHARP, JUDGE**
                              **UNITED STATES DISTRICT COURT**