#### UNITED STATES DISTRICT COURT
#### NORTHERN DISTRICT OF INDIANA
#### SOUTH BEND DIVISION

| | |
|---|---|
| **LESTER MARTIN,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | )    **CAUSE NO. 3:06-CV-007 AS** |
|   **v.** | ) |
| | ) |
| **J. DAVID DONAGHUE,** *et al.* | ) |
| | ) |
|       **Defendants.** | ) |

### *OPINION AND ORDER*

Lester Martin, a *pro se* prisoner, submitted a motion to reconsider this court's screening order which the court construes pursuant to FED. R. CIV. P. 59. Mr. Martin states his complaint was dismissed because it was inartfully drafted. Mr. Martin is incorrect. His complaint was not dismissed because of any technical legal drafting issues, but rather because the facts he presented do not state a claim.

Mr. Martin dislikes the court's citation to his Step Two grievance which described his skin irritation as minimal because he was not required to attach a Step Two grievance to his complaint. Nevertheless, that grievance was a part of his complaint and he does not dispute the factual accuracy of it. Rather he argues that it "may or may not have been minimal . . .." Motion at 5, docket # 7. It is of no merit what it may or may not have been. What matters is what it was. Presumptively Mr. Martin knows the level of irritation he experienced, and it is left to conjecture why he is unwilling, even now that his case has been dismissed, to

simply say what it was. His current veiled assertion of possibilities is not a basis for re-opening this case. The Step Two grievance, written by Mr. Martin, stated that he had minimal irritation and this court believed him. Mr. Martin argues that as a *pro se* litigant, his complaint should be liberally construed. He is correct, but a liberal interpretation of his complaint does not entail disbelieving the facts asserted by him in favor of imaginary, possible ones.

Additionally he argues that his condition could get worse and "increase to a malignant stage . . .." Motion at 6, docket # 7. Putting aside the hyperbole of this argument, he still does not say that his condition is more than minimal today. The possibility that his condition might get worse someday does not allege that the defendants were deliberately indifferent to a serious medical need or that they are today. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Mr. Martin does not now have a serious medical need. He has received and is receiving treatment for his elastic allergy, albeit not to his liking. Mr. Martin does not like the low cost, incomplete option of tucking in his undershirt which leaves him with minimal irritation, but he "is not entitled to demand specific care . . . [and he] is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). He dislikes being subjected to this minimal skin irritation, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

For the foregoing reasons, the motion (docket # 7) is **DENIED**.

**IT IS SO ORDERED.**

**ENTERED: January 27 , 2006**

                                        **S/ ALLEN SHARP**
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**